Peter L. Fear
Chapter 7 Trustee
P.O. Box 28490
Fresno, California 93729
(559) 464-5295
trustee@trusteefear.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>TIFFANY VANSICKLE,<br><br>Debtor. | Case No. 14-14816-A-7<br><br>Chapter 7<br><br>D.C. No. PFT-2<br><br>Date:  June 8, 2015<br>Time:  9:00 a.m.<br>Place: Dept. A, Ctrm. 11, 5th Floor<br>         United States Courthouse<br>         2500 Tulare St., Fresno, California<br>Judge: Hon. FREDRICK E. CLEMENT |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF
PERSONAL PROPERTY OF THE BANKRUPTCY ESTATE
SUBJECT TO BETTER AND HIGHER BID**

Peter L. Fear, Chapter 7 Trustee of the above referenced bankruptcy estate ("Trustee"), respectfully represents as follows:

1. Trustee is the duly appointed qualified and acting Trustee of the above-referenced bankruptcy estate.

2. Debtor filed under Chapter 7 on September 30, 2014, and an order for relief was entered.

3. This Court has jurisdiction over this proceeding under 28 U.S.C. §1334(a). This is a core proceeding under 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

4.  Among the assets of this bankruptcy estate are:

| Asset Description | Scheduled Value | Trustee's Value | Liens | Exemptions | Net Value |
|---|---|---|---|---|---|
| 2007 Dodge Nitro With 75,000 miles | $7,305.00 | $7,719.00 | $4,319.00 | $2,900.00 | **$500.00** |
| **TOTAL** | | | | | **$500.00** |

5.  Trustee has received an offer from Debtor to purchase these assets for $500.00. Trustee has received $500.00 from Debtor.

6.  In deciding to accept the offer, Trustee took into consideration the fair market value of the personal property, less the costs associated with storing and selling the personal property at auction. Trustee believes that the maximum amount he could receive from these assets if they were sold at auction would be less than sales price agreed to above, taking into account auction commission of 15% plus storage costs.

7.  There will be no substantial tax consequences to the estate as a result of the sale.

8.  Trustee does not believe that selling the personal property at auction would net a higher amount for the creditors of the estate as the expense and delay involved in an auction is not in the creditors' best interest.

9.  Said offer is the best and highest offer received for said property and, in the opinion of Trustee, said offer is fair and reasonable, based on trustee's experience in selling vehicles of this type.

10. Trustee believes that sale of the above-described property on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

11. Trustee requests that the ten day stay provision of Fed.R.Bankr.P. Rule 6004(g)be waived.

Motion to Sell Personal Property - 2

1    WHEREFORE, Trustee prays:

2    1.    That the Motion be granted.

3    2.    That the Court issue an order authorizing the sale of the above personal
4    property to Debtor subject to higher and better bid at the hearing, on the terms and conditions
5    described above.

6    3.    For an order authorizing the Trustee to execute all documents reasonably
7    necessary to effectuate the sale of the personal property.

8    4.    For the ten day stay provision of Fed.R.Bankr.P. Rule 6004(g) to be waived.

9    5.    For such other and further relief as the Court deems just and proper.

Dated: April 23, 2015                             /s/ Peter L. Fear
                                                  PETER L. FEAR
                                                  CHAPTER 7 TRUSTEE